UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE TETER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:06CV00025 AGF |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for transfer to the Northern Division of this District.[1] For the reasons set forth below, this motion shall be denied.

## BACKGROUND

Plaintiff Willie Teter, a conductor employed by Defendant BNSF Railway Company (hereinafter "BNSF"), filed this action in the Eastern Division of the Eastern District of Missouri, which sits in St. Louis, Missouri. He alleges that he was riding in a locomotive when a defective air valve/line in the cab made an extremely loud noise, causing him to strike his head, and that he sustained serious injuries to his neck and to his hearing as a result. Plaintiff alleges that this occurred at or near Linn or Chariton County, in the Northern Division of this judicial district. Plaintiff seeks damages on two counts. First, he contends that BNSF acted negligently in violation of the Federal Employers'

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Liability Act ("FELA"), 45 U.S.C. §§ 51–60.  Second, Plaintiff alleges that BNSF failed to comply with the Locomotive Inspection Act, 49 U.S.C. § 20701.

In the present motion, filed under 28 U.S.C. § 1404(a), Defendant asks this Court to transfer venue to the Northern Division of the Eastern District in Hannibal, Missouri, approximately 95 miles away from St. Louis.  Defendant presents the following facts in favor of the transfer:  The injury-causing accident occurred in the Northern Division; Plaintiff lives in the Northern Division; Carl Herrington, Plaintiff's co-worker at the time of the accident, designated as a witness by Defendant, works and lives in the Northern Division; and Plaintiff's supervisor, who Defendant asserts will serve as a key witness to rebut Plaintiff's allegations of negligence, works and lives in the Northern Division. Defendant has submitted an affidavit attesting to the last two facts.

Defendant maintains that the only nexus between the Eastern Division and this case is that Plaintiff's attorneys chose to file the case here.  Defendant argues that the preference generally afforded a plaintiff's choice of forum is diminished when the plaintiff does not choose his home forum and none of the operative facts occurred in the chosen forum.  Defendant also asserts that the convenience of counsel and the location of retained expert witnesses are of minimum significance in determining whether the place where a suit is brought is a convenient forum.

Plaintiff states that he strongly prefers the Eastern Division and opposes the motion to transfer.  Plaintiff relies upon the facts that Plaintiff chose the Eastern Division and that "perhaps the most important witness in the case," George Schoedinger, M.D., the

physician who treated Plaintiff for his injuries, practices and lives in the Eastern Division. Pl.'s mem. at 3. A second treating physician, Matthew Beuerlein, M.D., resides in the Western District of Missouri and, Plaintiff asserts, would find either division in the Eastern District equally inconvenient. Id. at 4. Plaintiff also maintains that viewing the accident scene is unnecessary and that denying the motion to transfer will not create practical problems. Finally, Plaintiff notes that the court in the Northern Division, unlike the Eastern Division, is staffed only while in session.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[2] It is undisputed that this action could have been filed in the Northern Division. See 45 U.S.C. § 56 ("an action may be brought in a district court of the United States, in the district . . . in which the defendant shall be doing business at the time of commencing such action"). Although courts enjoy broad discretion in weighing motions for transfer, Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955), a plaintiff's choice of forum should only be disturbed when the balance of factors strongly favors the defendant. Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997); Dorrell v. Burlington N. & Santa Fe R.R., 2000 WL 1916529, at *1 (E.D. Mo. Dec. 20, 2000) (denying intra-district transfer from St. Louis to Hannibal);

---

[2] Local Rule 3-2.07(D) provides that a court "in its discretion may transfer a civil action to another division pursuant to 28 U.S.C. § 1404(a) or § 1406(a)."

3

Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc., 244 F. Supp. 2d 1015, 1022 (E.D. Mo. 2002). The movant bears this burden because "§ 1404(a) provides for transfer 'to a more convenient forum'" than the original. Am. Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 261 (W.D. Mo. 1980) (emphasis added) (quoting Van Dusen v. Barrack, 367 U.S. 612, 645-46 (1964)).

Section 1404(a) "reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, Inc., 119 F.3d at 691. This list of categories is not exclusive. Id. Of the criteria set forth in § 1404(a), the convenience of witnesses is a primary, if not the most important, factor. Hall v. The Holmes Group, Inc., 2006 WL 148742, at *2 (E.D. Mo. Jan. 18, 2006); Dorrell, 2000 WL 1916529, at *1; May Dep't. Stores Co. v. Wilansky, 900 F. Supp. 1154, 1165 (E.D. Mo. 1995). "'The convenience of the plaintiff's counsel is not entitled to any weight in the analysis.'" Frost v. Nat'l R.R. Passenger Corp., 2006 WL 62837, at *2 (E.D. Mo. Jan. 11. 2006) (quoting Biometrics, LLC v. New Womyn, Inc., 112 F.Supp. 2d 869, 876 (E.D. Mo. 2000).

"The right to select the forum granted in [the FELA] is a substantial right." Boyd v. Grand Trunk W. R.R. Co., 338 U.S. 263, 266 (1949) (holding that this right invalidates agreements limiting plaintiffs' choice of venue in FELA actions). Although a handful of courts have suggested that the FELA affords greater weight to a plaintiff's preferences in the context of a motion to transfer venue, see, e.g., Richards v. Consol. Rail Corp., 1994

WL 586009, at *2 (E.D. Pa. Oct. 18, 1994), a FELA plaintiff's expanded right to select a forum does not automatically prevent a subsequent motion to transfer. Section 1404(a) and the FELA "deal with two separate and distinct problems." Ex parte Collett, 337 U.S. 55, 60 (1949) (holding that § 1404(a) "does not limit or otherwise modify any right granted in [the FELA] or elsewhere to bring suit in a particular district"). Thus the adjudication of motions for transfer in FELA actions, like other civil actions, requires "'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 367 U.S. at 622).

Convenience of the Parties. Although Plaintiff resides in the Northern Division, Plaintiff prefers the Eastern Division. Further, some travel would be required for Plaintiff in any event as he does not live in Hannibal. Defendant does business in all three divisions in the Eastern District, making either division proper under the FELA, but prefers the Northern Division. None of these facts compel transfer under § 1404(a).

Convenience of Witnesses. Plaintiff has two medical witnesses. The first, Dr. Schoedinger, whom Plaintiff contends has the most knowledge of Plaintiff's condition, lives and practices in the St. Louis area in the Eastern Division. Dr. Schoedinger has treated Plaintiff's neck injuries and performed MRI and other testing. The second, Dr. Beuerlein, would have to travel to testify in either the Northern or Eastern Divisions. Aff. of Pl.'s att'y at 1-2. Trainmaster Steve Brockwell, a witness for Defendant, resides in and works within the Northern Division. Engineer Carl Herrington, Plaintiff's co-worker at the time of the incident, also lives and works for BNSF within the Northern

Division.  Aff. of Def.'s att'y at 1.

Weighing the convenience of the witnesses is not a battle of numbers but instead requires analysis of the importance of witnesses' proposed evidence.  Am. Standard, Inc., 487 F. Supp. at 262-63; see 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3851 (1976).  Witnesses who are "'substantially part of the case itself, as they relate to the occurrence of an accident . . . and . . . doctors who have actually treated the person involved'" carry the most significance.  Garr v. BNSF Ry. Co., 2006 WL 1134535, at *2 (E.D. Mo. Apr. 26, 2006) (denying intra-district divisional transfer from St. Louis to Hannibal in FELA case) (quoting Wilson v. Ohio River Co., 234 F. Supp. 283, 285 (W.D. Pa. 1964)).  Thus Defendant's derogation of Plaintiff's medical witnesses as mere "experts" is unhelpful.  The importance of Plaintiff's doctors' testimony is clear, as is that of Engineer Herrington, Plaintiff's co-worker at the time of his injury.  While Defendant asserts that the testimony of Plaintiff's supervisor, Trainmaster Brockwell, is "key . . . regarding Plaintiff's negligence allegations," Plaintiff asserts that he was not near the engine at or near the time of the injury and Defendant has offered no basis for its assertion that this witness' testimony is key to Plaintiff's allegations.

Regardless, in whichever division the case is venued, one party's chief witness(es) would be forced to travel.  Rather than providing a more convenient forum, transfer on the basis of this factor, without more, would merely shift the inconvenience from one party to the other.  See Van Dusen, 376 U.S. at 645-46 ("Section 1404(a) provides for

transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.").

The identity of Defendant's witnesses also militates against a transfer. A transfer of venue may be denied when witnesses are "within the 100-mile reach of the subpoena power [or] . . . are employees of a party and their presence can be obtained by that party . . . . [or] the defendant is a transportation company and is able to bring the witnesses to the forum with little difficulty." Wright, Miller & Cooper, Federal Practice & Procedure § 3851. Defendant's inconvenienced witnesses fall in all three of these categories, and this Court expects Defendant to be able to secure the attendance of its employees in either St. Louis or Hannibal without undue burden. See Garr, 2006 WL 1134535, at *2; see also James v. Norfolk & W. Ry. Co., 430 F. Supp. 1317, 1319-20 (S.D. Ohio 1976).

Interests of Justice. The interests of justice encompass "the availability of judicial process to compel testimony from hostile witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if a transfer is granted, and the practical considerations of cost and efficiency." Garr, 2006 WL 1134535, at *3 (citing Anheuser-Busch, Inc. v. City Merch., 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001)). Although a plaintiff's choice of forum is entitled to less deference when it is neither the plaintiff's home forum nor the site of the operative facts, it is still a factor to consider. Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co., 8 F. Supp. 2d 1008, 1010-11 (N.D. Ohio 1998).

As in Garr, this Court finds that none of these considerations mandate transfer in

7

the interests of justice. Plaintiff's choice of forum, of course, weighs against transfer. Neither party has contended that it will call a hostile witness, nor has either party claimed that any witnesses will be outside the subpoena power of this court under Federal Rule of Civil Procedure 45(b)(2). The governing law is the same in either division. Consideration of the ease of access to sources of proof favors the Eastern Division because of Dr. Schoedinger's practice and residence in the area, and because it is highly unlikely jurors will need to visit the site of the accident. Considerations of cost and efficiency favor neither location. Finally, since Defendant operates throughout Missouri, neither division holds a greater interest in adjudicating the case. See Harris v. Nat'l R.R. Passenger Corp., 979 F. Supp. 1052, 1954 (E.D. Pa. 1997).

## CONCLUSION

Accordingly, after considering the convenience of witnesses and parties, the interests of justice, Defendant's burden, and the weight to be given to Plaintiff's choice of forum,

**IT IS HEREBY ORDERED** that Defendant's motion to transfer the case to the Northern Division is **DENIED**. [Doc. #8]

**IT IS FURTHER ORDERED** that the Clerk of Court shall reassign a number to

this case indicating that it was filed in the Eastern Division of this District.

                                                          _____
                                                         AUDREY G. FLEISSIG
                                                         UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of October, 2006.